**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Civil Case No. 8:26-CV-775-VMC/TGW**
**Criminal Case No. 8:22-CR-332-VMC/TGW**

**SHANE PAUL CAMUS,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**
**_________________________________/**

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The United States of America, by and through the undersigned counsel, respectfully submits this response in opposition to the motion of petitioner Shane Camus ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petitioner has raised a single issue. He claims his attorney improperly failed to object to the three point enhancement under U.S.S.G. § 2B1.1(b)(7) which applied because the loss amount calculation under U.S.S.G. § 2B1.1 exceeded $7 million. The actual loss to the government was just under $7 million, but the intended loss was over $15 million. Because the application of this guideline provision is determined by intended loss, not actual loss, the petitioner's claim fails. His counsel

was not ineffective, the guidelines were appropriately calculated, and the Court's sentence should not be disturbed.

## BACKGROUND

On September 20, 2022, the United States charged the petitioner by a Bill of Information with conspiracy commit health care fraud in violation of 18 U.S.C. § 1349. Doc. 1. He pleaded guilty on October 27, 2022, pursuant to a plea agreement. Doc. 45. The conduct at the basis of his criminal conviction was related to the petitioner's role in a conspiracy involving durable medical equipment ("DME") companies which were designed to and did bill Medicare for medically unnecessary supplies. Doc. 10 at 19-34. The conspiracy involved at least five different business entities:

- Total Solutions Medical Supplies, LLC, with false claims totaling approximately $4,341,118 and $2,089,259 in payments from Medicare;
- Primary Choice Medical Supplies, LLC, with false claims totaling approximately $4,792,093 and approximately $2,149,038 in payments from Medicare;
- Integrity Medical Supplies, LLC, with false claims totaling approximately $3,151,893 and approximately $1,347,567 in payments from Medicare;

- Halo Medical Supplies, LLC, with false claims totaling approximately $1,282,407 and approximately $507,576 in payments from Medicare; and
- Newave Medical Supplies, LLC, with false claims totaling approximately $1,558,980 and approximately $706,140 in payments from Medicare.

*Id*. at 33. Throughout the conspiracy, the conspirators submitted or caused to be submitted fraudulent, illegal, DME claims to Medicare from all their DME companies totaling approximately $15,126,493 that resulted in reimbursement payments from Medicare to the conspirators totaling approximately $6,799,581. *Id*. at 33-34.

On February 28, 2024, the U.S. Probation Office issued its final Presentence Investigation Report for the petitioner. Doc. 95. It calculated his applicable guideline range for the underlying offenses as 97-121 months in prison (limited by a statutory maximum of 120 months), based on an adjusted total-offense level of 30 and a criminal history category of I. *Id.* at 23. Included in that calculation was a three point enhancement under U.S.S.G. § 2B1.1(b)(7). *Id.* at 4. On July 11, 2024, the Court sentenced the petitioner to 60 months imprisonment, reflecting a below guideline variance, pursuant to 18 U.S.C. § 3553(a)(1) and (2)(b), based upon an unopposed defense motion, noting the undue influence of the petitioner's father/co-defendant and willingness to tender forfeiture. Docs. 175 and 176. On July 25, 2025, the government filed a motion to reduce The petitioner's sentence under Federal Rule of Criminal

Procedure 35. Doc. 204. The Court granted that motion on August 4, 2025, reducing the sentence to 33 months. Doc. 208. The Petitioner now moves under 28 U.S.C. § 2255 to reduce his sentence based on ineffective assistance of counsel for failure to object to the sentencing enhancement for loss amount under U.S.S.G. § 2B1.1(b)(7).

## LAW AND ARGUMENT

The petitioner is not entitled to relief under 28 U.S.C. § 2255. Grounds to vacate, set side, or correct an adjudged criminal sentence under the statute are limited because it is not a substitute for direct appeal. The petitioner must show the sentence: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

There is a two-part test for determining ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate their "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. T 694.

Regarding the first prong, the petitioner in this case had defense counsel who correctly calculated the guidelines, as they were expressed in the Rule 11 plea agreement, which were adopted by the Court. Given that fact, the petitioner's counsel did not fall below an objective standard of reasonableness. As to the second prong, the petitioner received a downward variance from the Court and later, upon a Rule 35 motion by the government, a' reduction in his sentence. The petitioner's total guideline range (including the three-point enhancement) was necessarily taken into consideration during the Court's downward variance and ruling on the government's motion for sentence reduction. The petitioner cannot demonstrate that the ultimate outcome would have been different. For these reasons, there is no manifest injustice to the petitioner and he is not eligible for an additional sentence reduction.

**A. The sentencing guideline range was correctly calculated.**

The Guidelines explicitly provide that the "loss" amount is the greater of the actual loss or intended loss for both the loss amount enhancement in § 2B1.1(b)(1) and the federal health care offense enhancement in §2B1.1(b)(7). The petitioner argues that "the 3-level enhancement was unsupported because the materials presently available reflect no factual basis for a government health care program loss exceeding $7,000,000." This contention incorrectly asserts the "actual loss" amount rather than the "intended loss" as the basis for the calculation under U.S.S.G. § 2B1.1(b)(1). The relevant Application Note states that "the aggregate dollar amount of fraudulent bills submitted to the government health care program shall constitute prima facia evidence of the amount of intended loss[.]" U.S.S.G. § 2B1.1, Application Note 3(E)(viii).

In the petitioner's case, the actual loss is the $6,799,581 that Medicare paid him and his conspirators. The intended loss is the $15,126,493 in claims submitted to Medicare, which triggers the three-level enhancement in § 2B1.1(b)(7). The petitioner's counsel did not object to the calculation adopted by the Court because there was no good faith basis to do so and, thus, did not fall below an objective standard of reasonableness.

**B. There is no evidence the outcome would have been different.**

Even if the petitioner's counsel had erred, there is nothing in the record to suggest his sentence would have been different. During sentencing, the Court's review of the *advisory* guideline range was noted. While the bottom of the petitioner's guideline range was 97 to 120 months, the Court varied downward and sentenced him to a term of 60 months incarceration. Docs. 175 and 176.

The issue being raised now by the petitioner was already brought before the Court through his sentencing memorandum:

> The use of intended loss for guideline calculations, rather than what this defendant received, disproportionally drives upward the guideline range. Because of this, the guidelines related to loss in U.S.S.G. §2B.1(b)(1)(G) and §2B1(b)(7) add significant increases to the "total offense level." This causes the guideline range to reach the statutory maximum and is "overstated" when considering the disparity of the intended and actual loss amounts.

Doc. 160 at 6. Following this argument, counsel for the petitioner requested a downward variance "significantly below the guideline range." *Id*. at 7. The petitioner's counsel raised the issue orally, noting that using the intended loss versus the actual

loss, while legally correct, substantially increased the guideline range which is merely advisory. Tr. At 58.

The Court's initial custodial sentence was 50% lower than the top of the guideline range and 38% lower than the bottom of the guideline range. The amended sentence after the Rule 35 was 72.5% lower than the top of the guideline range and 66% lower than the bottom. Both the initial variance and rule 35 reduction suggest the petitioner received considerable leniency from the Court, who reviewed the petitioner's sentencing arguments, the 3553 factors, and *advisory* guideline range. There is nothing in the record which suggests the petitioner's sentence would have been lower had the three point enhancement under U.S.S.G. § 2B1.1(b)(7) not been applied. The ultimate outcome—a sentence of only 33 months—for a fraud scheme that paid the conspirators nearly $7 million dollars is not a "manifest injustice" required for relief under a 28 U.S.C. § 2255 claim.

## **CONCLUSION**

The petitioner is not entitled to any relief under 28 U.S.C. § 2255. The United States respectfully requests the Court deny the motion in its entirety.

Dated: April 22, 2026

Respectfully submitted,

GREGORY W. KEHOE
UNITED STATES ATTORNEY

LORINDA LARYEA
CHIEF, FRAUD SECTION

*/s/ Charles D. Strauss*

Charles D. Strauss
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 597-0610
E-mail: charles.strauss@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Charles Strauss, hereby certify that on April 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a copy to all counsel of record.

*/s/ Charles D. Strauss*
Charles D. Strauss
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 597-0610
E-mail: charles.strauss@usdoj.gov